**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NORUMA ORUE, individually and on behalf of other similarly situated persons,<br><br>  Plaintiff - Appellant,<br><br> v.<br><br>FORD MOTOR SERVICE COMPANY,<br><br>  Defendant - Appellee,<br><br> and<br><br>FORD MOTOR CREDIT COMPANY LLC,<br><br>  Defendant. | No. 10-55572<br><br>D.C. No. 2:09-cv-04250-DDP-CT<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted December 6, 2011
Pasadena, California

Before: B. FLETCHER, SILVERMAN, and WARDLAW, Circuit Judges.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Noruma Orue appeals the district court's March 30, 2010, grant of summary judgment in favor of Ford Motor Service Company. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court correctly concluded that the service contract sold by Ford did not violate the Song-Beverly Consumer Warranty Act, Cal Civ. Code §§ 1790 *et seq.*, because it provided additional benefits not available under the manufacturer's express warranty. Under Song-Beverly, a service contract may run concurrently with a manufacturer's express warranty if "the contract covers items or costs not covered by the express warranty or . . . the contract provides relief to the purchaser not available under the express warranty." Cal. Civ. Code § 1794.41(a)(3). We agree with the district court that the plain language of the statute permits a service contract to overlap or run concurrently with an express warranty so long as it provides some additional benefits not contained in the express warranty.

Here, Ford's service contract provided three benefits not covered by the manufacturer's warranty: (1) emergency travel expense reimbursement up to $500; (2) destination assistance of up to $75 in the event that the vehicle became disabled due to collision or failure; and (3) one additional annual fuel delivery service. Thus, the service contract did not violate Song-Beverly, and the district court

2

correctly granted summary judgment in favor of Ford. *See Miklosy v. Regents of the Univ. of Cal.*, 188 P.3d 629, 636 (Cal. 2008) ("If the statutory language is unambiguous, we presume the Legislature meant what it said, and the plain meaning of the statute controls.").

The district court also properly granted summary judgment as to Orue's claim under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200. As Orue agreed before the district court, resolution of the unfair competition claim turns entirely on the court's interpretation of Song-Beverly. Because we conclude that Ford's service contract did not violate Song-Beverly, Orue's UCL claim fails as a matter of law.[1]

**AFFIRMED.**

---

[1] Orue's motion to certify the legality of Ford's service contract to the California Supreme Court is DENIED as moot.